No. 17,955.

CITY AND COUNTY OF DENVER, ET AL. *v*. PROTOCRATS, INC.
(318 P. [2d] 600)

Decided November 12, 1957.   Rehearing denied December 16, 1957.

Mr. DUKE W. DUNBAR, Attorney General, for plaintiff in error, Secretary of State of Colorado.

Mr. JOHN C. BANKS, City Attorney, for plaintiff in error City and County of Denver and Edward O. Geer.

Mr. IRVING P. ANDREWS, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFFS in error will be referred to as the City and defendant in error, a non-profit corporation, will be referred to as the Club.

The Club was incorporated April 21, 1952, for the general purposes of encouraging those who became members of the Club in social and civic activities and to promote social intercourse among its members. Shortly after organization, premises were leased and then some effort was put forth to ascertain whether or not it would be possible to obtain a liquor license for the Club. When a liquor license could not be obtained, the members started the practice of purchasing liquors elsewhere and bringing same to the club for consumption by all members present. Admission or access to the club was restricted to the members and their guests, under restrictions. It is the practice to assemble on Wednesday night and watch sportcasts on television, and members bring their own liquor, which is for consumption by that member or any other member in attendance. If any liquor is left over it is taken home by the one who brought it. It seems to be the club rule that individual ownership of the liquors ceases at the entrance.

The police department of the city inspected the premises and following such inspection the manager of safety notified the Club that consumption of alcohol on the premises would not be permitted without a license. Whereupon the Club, on June 11, 1954, filed an action for injunctive relief in the matter of restraining the City from interfering with the consumption of liquors at the club as described. This action was by an amended complaint changed to one for a declaratory judg-

ment to determine whether or not the operation was a violation of the liquor code of Colorado. Answers were filed by the Secretary of State and the City. The City seemed to rely on C.R.S. '53, 75-2-3 (10), the pertinent part of which is as follows:

"It shall be unlawful for any person: * * * To consume any malt, vinous or spiritous liquors in any place or upon any premises licensed to sell such liquor by the drink, the sale of which is not authorized by the license for such establishment."

The matter of a sale is an element admittedly foreign to the case at bar.

A determination of this case falls squarely within an interpretation of Article XXII of the state Constitution and C.R.S. '53, 75-1-2.

Article XXII of the Constitution is:

"On the thirtieth day of June, 1933, all statutory laws of the state of Colorado heretofore enacted concerning or relating to intoxicating liquors shall become void and of no effect; and from and after July 1st, 1933, the manufacture, sale and distribution of all intoxicating liquors, wholly within the state of Colorado, shall, subject to the constitution and laws of the United States, be performed exclusively by or through such agencies and under such regulation as may hereafter be provided by the statutory laws of the state of Colorado; but no such laws shall ever authorize the establishment or maintenance of any saloon."

The trial court held that distribution involves the consumption by the purchaser or the gift by him of liquor to another for consumption. It is difficult to conceive of how a person distributes liquor after he consumes it.

■ We find no prohibition in either the constitutional provision or the statute (Liquor Code, C.R.S. '53, 75-1-2) of the consumption of liquor where no element of sale is involved, and in the absence of such a prohibition, such consumption is permissive, and this ap-

plies as well to the matter of the gift of liquor. The statutes involved are penal in nature and strict construction must follow. If the contentions of the City are valid, then by inference members of social clubs that might occasionally meet in the homes of some of the members would be required to obtain a liquor club license before liquors could be consumed by its members.

The contention by the City that the operation of the Club was a subterfuge designed to avoid the requirements of the liquor code was determined by the trial court, which had full opportunity to appraise the testimony and resolve the questions of fact and the credibility of the witnesses.

The judgment of the trial court should be, and is, hereby affirmed.

MR. JUSTICE FRANTZ not participating.